0Robert L. Greener, Esq.
LAW OFFICE OF ROBERT L. GREENER P.C.
112 Madison Avenue, 6th Floor,
New York, NY 10118
(646)415-8920 Phone
rlg@greenerlegal.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────X
ANGELICA GUTIERREZ,

                Plaintiff

   v.

MAXIMA APPAREL CORP. d/b/a ROKU STUDIOS,
NEW DEAL, LLC. d/b/a, AGAINST ALL ODDS
and, TUCOWS, INC. d/b/a, URBAN APPEAL,
HOUSE OF FRESH d/b/a, HOUSE OF FRESH, LLC.,
SUCCESS INC. d/b/a MAJOR KEY CLOTHING
and Does 1-20.
                Defendants.
───────────────────────────────X

Civil Action No.:

COMPLAINT FOR COPYRIGHT INFRINGEMENT.

JURY TRIAL REQUESTED

      Plaintiff, ANGELICA GUTIERREZ by her attorney The Law Office of Robert L. Greener P.C., for its Complaint against MAXIMA APPAREL, NEW DEAL, LLC., TUCOWS, INC., and HOUSE OF FRESH, LLC., SUCCESS INC. and Does 1-20 alleges as follows:

**NATURE OF THE ACTION**

1.   This is a suit by Plaintiff, ANGELICA GUTIERREZ (hereinafter "Gutierrez") against Defendants MAXIMA APPAREL, ROKU STUDIOS, NEW DEAL, LLC., AGAINST ALL ODDS, TUCOWS, INC., URBAN APPEAL, HOUSE OF FRESH, SUCCESS INC., and HOUSE OF FRESH, LLC., for preliminary and permanent injunctions, statutory damages, treble damages or

1

profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees, investigators' fees and costs from defendant for Plaintiffs' federally registered copyright on the work entitled 'LOOKING FOR LOVE IN ALL THE WORNG PLACES' ("The Photograph"), that Defendant has willfully and maliciously counterfeited.

2. Plaintiff's Copyright registration VA2-279-416, is annexed hereto as Exhibit "A".

3. Plaintiff, Gutierrez is a well-known social media influencer and artist who makes their living from creating artwork through her accounts on twitter Instagram, Facebook, Tik Tok, etc.

4. Defendant MAXIMA APPERAL d/b/a ROKU STUDIOS is being sued by Gutierrez because of Defendant's manufacture, distribution, and sale of various articles of clothing that feature Plaintiff's Copyrighted photographic work. Defendant, MAXIMA APPERAL d/b/a ROKU STUDIOS uses Plaintiff's Copyrighted design for their own profit, without Plaintiff's consent.

5. Defendants NEW DEAL, LLC. d/b/a AGAINST ALL ODDS, TUCOWS, INC. d/b/a URBAN APPEAL, and HOUSE OF FRESH, d/b/a HOUSE OF FRESH, LLC. And SUCCESS INC., d/b/a/ MAJOR KEY CLOTHING are being sued by Gutierrez for the promotion, advertisement, and sale of various articles of clothing that feature Plaintiff's Copyrighted photographic work. Defendants use Plaintiff's Copyrighted design for their own profit, without Plaintiff's consent.

6.     Gutierrez's photograph was posted on her twitter and Instagram site for her followers to view since 2017. Plaintiff is known for her sexy irreverent photos which rift off on social morays and attracts followers to her sites, which in turn helps her monetize the works.

7.     Defendants are making a profit on each sale of the articles that display the copyrighted designs.  As a result, this infringes on Plaintiffs' rights as the sole owner of the photographic work and violates the moral rights given to artists under the Visual Artist Rights Act of 1990.  The unlawful acts of Defendants constitute federal Copyright infringement and counterfeiting.

8.     Plaintiffs also assert claims seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.; an accounting and disgorgement of Defendant's profits received from their unlawful use of Gutierrez's Copyright; or in the alternative statutory damages per type of goods sold or distributed by Defendants, as authorized by 17 U.S.C. 504(C)(2) due to the willful infringement of the photographic work by Defendants; and recovery of Gutierrez's attorneys' fees and costs due to the willful infringement; any other relief authorized by 17 U.S.C. §505; and such other relief as the Court deems just and proper.

9.     Furthermore, Plaintiffs also seek to preliminarily and permanently enjoin Defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing Plaintiff's Copyrights in violation of 17 U.S.C. §501 or using any of Plaintiffs designs in any manner; and awarding Plaintiffs costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 101, et seq; and further under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under principles of pendent jurisdiction.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and /or §1400(a) because a substantial part of the actions and wrongful conduct underlying these claims occurred in this district.

## PARTIES

12. Plaintiff Angelica Gutierrez is an artist, and social-media influencer who is the original creator of the "Looking For Love in All the Wrong Places" design. Gutierrez resides at 3013 Valentine Ave., Bronx NY 10458.

13. Defendant Maxima Apparel d/b/a/ Roku Studios ("Maxima") is a clothing manufacture and wholesaler based in New York with it corporate address at 399 W John ST, Suite 1, Hicksville, NY, 11801 which sells contemporary clothing using hip-hop/ urban designs to retail store and on-line sellers.

14. Based on information and belief, Maxima's principal location is at 463 7th Avenue, New York NY 10018

15. Defendant New Deal, LLC. d/b/a Against All Odds ("AAO") is a clothing store retailer based on information and belief, has 21 locations throughout New York and New Jersey, with principal address at 222 Bruce Reynolds Blvd, Fort Lee, NJ 07024.

16. Defendant Tucows, Inc, d/b/a Urban Appeal ("Urban Appeal") is based on information and belief is the parent Company to Urban Appeal USA Corp, which is an online clothing retailer selling clothing through the internet, with principal address at based on information and belief at 2531 S. Federal HWY, Fort Pierce, Fl 34982

17. Defendant House of Fresh, LLC. d/b/a House of Fresh ("House of Fresh") based on information and belief is an online clothing retailer selling clothing through the internet, with principal address at based on information and belief at 1770 Howell Mill Rd NW, Atlanta, GA 30318.

18. Defendant House of Fresh, LLC. d/b/a House of Fresh ("House of Fresh") based on information and belief is an online clothing retailer selling clothing through the internet, with principal address at based on information and belief at 1770 Howell Mill Rd NW, Atlanta, GA 30318.

19. Defendant Success, Inc. d/b/a Major Key Clothing based on information and belief is an online clothing retailer selling clothing through the internet, with principal address at based on information and belief at 2348 Melrose Ave, Roanoke Va. 24017.

20. Does 1-20 are other vendors or retailers who have sold the infringing products which are unknown to the Plaintiff at this time.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. Plaintiffs photographic work, "looking for love in all the wrong places" was created by Plaintiff for use on her social media accounts. It was first posted on Twitter and Instagram to her pages for her followers to see.

Figure 1. Copyrighted image posted to Plaintiff's social media accounts.



22. Plaintiff's photograph was not used in a commercial manner and was not posted by her to any other sites.

23. In November of 2021, Plaintiff was shopping in the retail store Against All Odds ("AAO") and saw the following item of clothing using a graphic which was taken almost exclusively from her photograph.

Figure 2. Image of sweatshirt purchased from Against All Odds.



24. Upon seeing the sweatshirt Ms. Gutierrez knew that the graphic was taken from her picture. The composition was almost the same. The graphic pictured a woman naked, in a washing machine. And in comparison, the compositional figure of the woman matches those of Plaintiff in her picture. Her buttocks and legs are of the same dimension and position in the opening of the washing machine as in her picture.

25. The design of the washing Machine on the graphic is identical to the photograph in figure one. The viewers angle and the position of the washing machine are also the same are also substantially similar as the one depicted in Plaintiff's copyrighted photograph.

26. Upon discovery, Ms. Gutierrez sought out other AAO locations in New York and New Jersey and discovered that numerous stores were selling the sweatshirt. In addition, she discovered, sweatpants, matching shorts and tee shirts.



Figure 3- Matching sweatshirt and pants.



Figure 4- Matching shorts and Tee shirt.



Figure 5- Tee shirts.

27. After finding the above items on the internet, in January Plaintiff hired her law firm to research who the various parties were manufacturing and selling the clothing.

28. After an investigative report discovered the names and locations of the various parties found selling the items online. The investigation yielded a potential of 37 different outlets

10

selling Roku Studio clothing. However, there are most likely far more then what Plaintiff's investigators were able to locate.

29. On April 12, 2022, Plaintiff's law firm sent cease and desist letters to Maxima, and one April 14, to AAO.

30. In May of 2022, letters were sent to Defendants House of Fresh and Urban Appeal .

31. None of the defendants have responded to Plaintiffs letters. And based on information and belief, continued selling the products online.

## COUNT ONE

### COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

29.  Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 28 inclusive.

30. Defendant Maxima has taken Plaintiff's photograph and created a graphic that is substantially similar to Plaintiff's copyrighted work and used it for clothing. Thereafter, Plaintiff sold the clothing to various manufacturers including other named defendants.

31. Defendant Maxima, did not have the consent or permission, either express or implied, to use the image for the clothing which directly infringes the Plaintiff's copyrighted work.

32. Through the conduct averred herein, Defendant has infringed Plaintiffs' copyright in the infringed literary work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

33. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

34. As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

35. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

36. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

37. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believes on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**COUNT TWO**

COPYRIGHT INFRINGEMENT AGAINTS DEFENDNAT AAO
(17 U.S.C. §§ 106 and 501)

38. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 37 inclusive.

39. Defendants AAO has, based on information and belief, has 21 retail stores in New York and New Jersey.

40. Based on information and belief Defendant Maxima, sold the offending products to AOO who in turn had placed them for sale in the outlets in New York and New Jersey. AOO did not have the consent or permission, either express or implied, to use the image for the clothing which directly infringes the Plaintiff's copyrighted work.

41. Through the conduct averred herein, Defendant has infringed Plaintiffs' copyright in the infringed photographic work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

42. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

43. As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

44. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

45. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

46. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believes on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT THREE

<u>COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS URBAN APPEAL, HOSE OF FRESH and SUCCESS, INC.
(17 U.S.C. §§ 106 and 501)</u>

47. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 46 inclusive.

48. Defendants Urban Appeal and Hose of Fresh are online clothing stores which sell contemporary and urban apparel. Plaintiff is unaware if the Defendants have any retail stores.

49. Based on information and belief Defendant Maxima, sold the offending products to AOO who in turn had placed them for sale on their websites www.urbanappeal772.com and www.houseoffresh.com in the outlets in New York and New Jersey, and on their online shopping site. AOO did not have the consent or permission, either express or implied, to use the image for the clothing which directly infringes the Plaintiff's copyrighted work.

50. Through the conduct averred herein, Defendant has infringed Plaintiffs' copyright in the infringed literary work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

51. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

52. As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

53. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

54. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

55. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believes on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct

WHEREFORE, Plaintiff respectfully requests the following relief as to each of the above causes of action:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained and thereafter, permanently enjoined from selling goods with graphics appropriating Plaintiff's copyrighted work photograph.

2. That Defendant's account for any and all sales of clothing or other apparel sold by Defendant by infringing on Gutierrez's Copyright; and to pay over to Plaintiffs profits realized by reason of Defendants' unlawful acts herein alleged.

3. A Finding that that Defendants' infringing goods and services infringe Plaintiffs' Copyrights.

4. That Plaintiffs be awarded damages for Copyright infringement in amount to be specified at trial.

5. That Plaintiffs be awarded punitive damages.

6. That Plaintiffs be awarded costs and disbursements of this action, together with reasonable attorney fees under section 15 U.S.C. §§ 1117(b), and

7. That Plaintiffs be awarded such other and further relief as the Court may deem just fair and equitable.

Dated:  July 29, 2022
          New York, New York

                                                                              Respectfully submitted,
                                                LAW OFFICE OF ROBERT L. GREENER PC.

*/s/ Robert L. Greener*

ROBERT L. GREENER ESQ(RG8089)
*Attorney for Plaintiff*
112 Madison Avenue, 6th Floor
New York, NY 10118
(646) 415-8920
(212) 689-9680

## ATTESTATION

I, ANGELICA GUTIERREZ, am the Plaintiff in the above captioned matter, and as such I fully am familiar with the facts of this matter. I state under penalty of perjury the facts set forth in this complaint are true to the best of my knowledge, or in good faith I believe them to be true.

Dated: July 29, 2022

July 29, 2022   _angelica Gutierrez_
ANGELICA GUTIERREZ